John D. Bennett, S.
This is a motion to reargue a determination made by this court by decision dated February 27, 1962, of the right of the executrix to possession of certain real property. The motion is granted to the extent of a reconsideration of the question in the papers submitted on the motion.
There is no question that the executrix would have an absolute right to possession of the real property under the provisions of section 13 of the Decedent Estate Law, if such possession were necessary to collect the rents, and to manage, sell, mortgage or lease the real property.
From the papers before this court and the arguments of counsel, the court has doubt of the good faith of the application of the executrix for these purposes.
Letters testamentary were granted petitioner in May of 1960. There appears to have been no bona fide attempt by the executrix to sell the property. The respondent brother, by his attorney, has stated that he has no objection to the sale of the property, that he will get out on the sale of the property, that he will permit the showing of the property at any reasonable time, and that he may be interested in buying the property. As far as a charge for rental for his occupancy, the court reserved that issue to take testimony as to how far the brother had acted as caretaker.
*1081 The real property in question is devised in paragraph Second of the will to three children of the decedent, Edna Puckhaber, the executrix petitioner herein, Francis Schmitt, and John Wolpert, the present occupant. Without any attempt to sell, the executrix sought to dispossess her brother by a proceeding in the District Court of Nassau County, and a companion proceeding was brought in that court for rent. These proceedings were dismissed. Then certain proceedings were attempted to be brought in this court, none of which were in furtherance of a sale or in such form as could be entertained 'by this court, but all were directed to the dispossessing of the brother, John Wolpert.
The contention of the petitioner appears to be that section 13 of the Decedent Estate Law gives her as executrix an absolute right to possession of the real property to the exclusion of her sister and brother. The court is in accord with that contention only insofar as such possession is necessary to the exercise of her rights as executrix to manage, collect rents and sell or mortgage the property. The court does not believe that it is required to give exclusive possession of the real property to one of three children merely because that child was named executrix, unless possession by that child is necessary in the performance of her duties as executrix. The statement by her attorney that she “ took up the gauntlet of fratricide ” appears to throw some light on the motivation behind the present proceeding.
Upon reconsideration, the court adheres to its previous decision and denies the relief sought at this time, with leave to make subsequent application if any opposition is met in the sale of the premises.